UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MUNOZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> DART CONTAINER CORPORATION OF ILLINOIS, <br><br> Defendant. | No. 25 CV 8707 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Pablo Munoz, Jr., was employed by Defendant Dart Container Corporation of Illinois for over nineteen years. He was terminated in 2024 shortly after complaining of harassment and discrimination. Plaintiff brings claims for race discrimination, national origin discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. Defendant moves to dismiss on the grounds that plaintiff has failed to exhaust his administrative remedies and has failed to state a claim under Rule 12(b)(6). For the reasons discussed below, defendant's motion to dismiss is denied.

I. **Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022).

Exhaustion is "a condition precedent to bringing a claim." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Failure to exhaust administrative remedies is an affirmative defense, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), and affirmative defenses are typically not resolved under Rule 12(b)(6). *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). But when a defense is apparent from the allegations of the complaint, it can be adjudicated on a motion to dismiss. *Id.*

## II. Background

Plaintiff Pablo Munoz, Jr., was hired by defendant Dart Container Corporation of Illinois in 2005 and was employed as a maintenance mechanic at the time of his termination. [1] ¶ 10.[1] Plaintiff's race is Hispanic and his national origin is Mexican. [1] ¶¶ 11–12. Defendant was aware of Munoz's race and national origin. [1] ¶ 14.

Plaintiff's direct supervisor and the second in charge of the facility where he worked harassed and discriminated against Munoz and created a hostile work environment. [1] ¶¶ 15–16. These individuals disciplined Munoz with write-ups in relation to what white employees did, meaning Munoz was disciplined for conduct

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

2

committed by white employees, not Munoz. [1] ¶¶ 16, 19. On September 12, 2024, Munoz complained about the harassment and discrimination. [1] ¶ 17. On September 18, 2024, Munoz was terminated. [1] ¶ 18.

In April 2025, plaintiff filed a Charge of Discrimination alleging national origin discrimination and retaliation with the Equal Employment Opportunity Commission against defendant. [1] ¶ 5. In July 2025, plaintiff filed a second EEOC Charge of Discrimination alleging both national origin discrimination and retaliation, as well as race discrimination. [1] ¶ 6. Munoz received a Notice of Right to Sue from the EEOC for both of these charges. [1] ¶ 7–8. Munoz then sued Dart for counts of race discrimination, national origin discrimination, and retaliation under Title VII. [1] ¶¶ 21–45.

### III. Analysis

#### A. Failure to Exhaust Administrative Remedies

A plaintiff may only bring claims that were included in his EEOC charge or are "like or reasonably related" to the allegations in his charge. *Scroggin v. Universal Prot. Serv., LLC*, 2025 WL 3493946, at *2 (7th Cir. Dec. 5, 2025). Claims are like or reasonably related "when (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id*. The charge and complaint must "describe the *same conduct* and implicate the *same individuals*." *Id*.

3

Defendant argues that plaintiff failed to exhaust his administrative remedies because the allegations in the complaint do not relate back to his EEOC charge. [12] at 4–6. Munoz's July charge ([12-1] at 2) stated as follows:

> I began my employment with Respondent, on or around August 5, 2005. My most recent position was Level III Maintenance Mechanic. During my employment with the Respondent, I was subjected to discrimination, harassment and discipline. I complained to Respondent. On or around September 18, 2024, I was discharged.
>
> I believe I was discriminated against because of my race (Hispanic), national origin (Mexican), and in retaliation, in violation of Title VII of the Civil Rights Act of 1963, as amended.

In contrast to his April charge, which was prepared pro se, Munoz does not suggest that his July charge was prepared without the assistance of counsel. [17] at 2. Therefore, he does not benefit from liberal construction. *Scroggin*, 2025 WL 3493946, at *2.

The purpose of the same conduct, same individuals standard is to provide adequate notice to the employer of the conduct that the plaintiff was challenging. *See id.* Dart argues that Munoz's July charge fails to describe *any* conduct or implicate *any* individuals. [12] at 5. But unlike the plaintiff in *Scroggin*, Munoz *did* check the appropriate boxes on the form to signify the nature of the discrimination he was alleging. [12-1] at 2. He also specified that he "was subjected to discrimination, harassment and discipline," which is less vague than Scroggin's allegation that he "engaged in a protected activity." *Compare* [12-1] at 2, *with Scroggin*, 2025 WL 3493946, at *2. Munoz's charge identified his position with Dart, allowing the EEOC and Dart to reasonably identify the chain of supervisors at issue. *See* [12-1] at 2. The

4

charge mentioned discipline as the complained-of conduct and identified a narrow window for the conduct (August 12, 2024 to September 18, 2024). *See* [12-1] at 2.

Munoz had not filed other charges with the EEOC, such that the EEOC or Dart would not know what conduct Munoz was challenging (or which individuals were implicated by the charge in question). In *Geldon v. South Milwaukee School District*, for example, the plaintiff had previously complained about failing to land a separate job, so the EEOC and the defendant were not put on proper notice with respect to her complaint about being denied the particular position in question. 414 F.3d 817, 820 (7th Cir. 2005). Here, Munoz's charge—in the context of the current procedural posture—sufficiently described the conduct he was challenging: discriminatory and harassing discipline occurring while he was a Level III Maintenance Mechanic between August and September 2024 and subsequent retaliation for complaining about the conduct.

Defendant's reliance on *Rush v. McDonald's Corp.*, 966 F.2d 1104 (7th Cir. 1992), is unpersuasive. [18] at 4–5. In *Rush*, the plaintiff filed a complaint asserting five forms of race-based discrimination, including denial of promotion and employee benefits, despite her EEOC charge referencing only her discharge. *Rush*, 966 F.2d at 1108. Further, the plaintiff's charge did not mention any conduct beyond her conclusion—that she believed she was discriminated against because of her race. *Id.* Munoz, in contrast, does mention being subjected to discriminatory conduct during his employment, and does not merely include a line about discrimination at the end of his charge. [12-1] at 2.

5

*Millirons v. Illinois Department of Human Services*, 2025 WL 2324263 (N.D. Ill. Aug. 12, 2025), is also different. In *Millirons*, the plaintiff filed her EEOC charge while still employed by the defendant and her charge did not mention a protected activity. *Id.* at *3. After she proceeded to file a complaint for constructive discharge and retaliation, the court found that her employer could not have been put on notice for these two claims in the context of the case. *Id.* Here, the timeline of events does not preclude Munoz's claims for discrimination, and the charge makes clear that the protected activity at issue in the retaliation claim was his decision to complain to Dart about the discrimination that he had been subjected to.

While Munoz's argument for liberal construction of his EEOC charge is "weaken[ed]" by the fact that he was seemingly not acting pro se, *see Teal*, 559 F.3d at 691, the "like or reasonably related" standard is still "a liberal one in order to effectuate the remedial purposes of Title VII." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). Munoz's charge was sufficient to put the EEOC and Dart on notice of the conduct he was challenging. He has not failed to exhaust his administrative remedies.

B. **Failure to State a Claim**

In the alternative, Dart argues that Munoz has failed to state claims upon which relief can be granted. [12] at 6–9. The ordinary rules for assessing the sufficiency of a complaint apply to Title VII cases. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). A Title VII complaint need only provide "enough detail to give

6

the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

    1.    *Discrimination*

A complaint alleging discrimination under Title VII "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his race or national origin]." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). Dart argues that Munoz has failed to plead the causation requirement of this standard. [12] at 7. But under the Title VII causation standard for race (or national origin) discrimination claims against private employers, race (or national origin) need only be a "motivating factor." *Freeman v. Eaton Corp.*, 2024 WL 4200580, at *3 (7th Cir. Sept. 16, 2024). Munoz's complaint says enough to pass the "relatively low bar for pleading discrimination." *Id.*

An adverse employment action "must materially alter the terms or conditions of employment" and "must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012) (citation omitted). Munoz alleged that he was subjected to a hostile work environment while other non-Hispanic and non-Mexican workers were not. [1] ¶¶ 26, 34. Specifically, Munoz alleges that he was disciplined "with write-ups in relation to" what white employees did (and provides the name of one such employee) and disciplined for the acts of white employees. [1] ¶¶ 16, 19. A complaint need not include additional details surrounding the nature of the discipline or establishing a

7

discriminatory motive. At the motion to dismiss phase, "a plaintiff need not allege facts aligning with [his] claim's every element." *Kaminski*, 23 F.4th at 777.

Further, as pleaded in the complaint, it is plausible that the harassment and discipline faced by Munoz materially changed the conditions of his employment by denying him a safe and free workplace. And, unlike in *Sowers v. VVF Illinois Services, LLC*, where the challenged conduct was a one-time occurrence, it is plausible that the discrimination and harassment faced by Munoz was severe or pervasive and thus capable of creating a hostile work environment. 2019 WL 1923407, at *2–3 (N.D. Ill. Apr. 30, 2019). Munoz's EEOC charge, cited in his complaint, reports a month-long period of discrimination. [1] ¶ 6; [12-1] at 2. Munoz has sufficiently pled that he was treated differently on account of his race and national origin.

### 2. Retaliation

To plead a retaliation claim under Title VII, a plaintiff must allege that he "engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano*, 722 F.3d at 1029.

Defendant cites *Tomanovich v. City of Indianapolis* for the proposition that "[m]erely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class" is insufficient to prove retaliation. 457 F.3d 656, 663 (7th Cir. 2006). But *Tomanovich* reviewed a motion for summary judgment, not to a motion to dismiss, where a plaintiff need only produce enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Here, it is plausible that Munoz engaged in protected

activity when he complained about the harassment and discrimination. Further, losing his job a week later constitutes an adverse employment action that plausibly could have been a result of his complaint, as supported by the short temporal proximity between complaining and being terminated. *See, e.g., Lang v. Ill. Dept. of Child. & Fam. Servs.*, 361 F.3d 416, 419 (7th Cir. 2004) (noting that close temporal proximity supports the inference of a causal link). Although Munoz will be required to prove more than mere suspicious timing, *see Riley v. City of Kokomo*, 909 F.3d 182, 188 (7th Cir. 2018), he has sufficiently pled that he was retaliated against in violation of Title VII.

## IV. Conclusion

Dart's motion to dismiss, [11], is denied.

ENTER:

                                                Manish S. Shah

Date: February 18, 2026                       United States District Judge